IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

2012 MAY -8 PM 3:48

JOHN KELLAT,

    Plaintiff,

v.

SANDY JACKSON and
MICHAELA TODD,

    Defendants.

CIVIL ACTION NO.: CV612-031

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff John Kellat ("Plaintiff"), an inmate currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff alleges that on August 5, 2010, during the morning insulin call at Plaintiff's cell in segregation, Defendants Sandy Jackson and Michaela Todd denied Plaintiff his prescribed medicine. Plaintiff alleges that they denied him his medication in retaliation for an incident which occurred the previous day. Additionally, Plaintiff alleges

that Defendant Todd did not administer Plaintiff's "afternoon fingerstick (CBG)" on that same date. (Doc. No. 1, p. 7).

Plaintiff alleges that as an additional result of the incident which occurred the previous day, Defendant Jackson "had the plaintiff placed into Segregation behind this event in which a physical use of force was used." (Doc. No. 1, p. 6). However, Plaintiff does not state who allegedly used force against him.

Plaintiff alleges that following the alleged denial of his morning insulin on August 5, 2010, "[n]o medical personnel came back to administer plaintiff's denied insulins, continuing the injuries[.]" (Id.). However, Plaintiff does not state which medical personnel he alleges was at fault for this alleged omission.

Plaintiff alleges that later in the same day "security staff" refused to remove an inmate from his cell. (Id.). However, Plaintiff does not allege who was responsible for the alleged refusal or how the alleged refusal violated any of his rights. Additionally, this allegation is unrelated to his claims against Defendants Jackson and Todd. See FED. R. CIV. P. 20(a). As a result, Plaintiff's allegation regarding the refusal by "security staff" to remove an inmate from his cell should be **DISMISSED**.

Plaintiff alleges that following an altercation with the other inmate in his cell, he was taken to the prison hospital where he was denied insulin. However, Plaintiff does not state who denied him insulin in the hospital.

Plaintiff alleges that while he was in the prison hospital, following the altercation with the other inmate, Defendant Jackson, in response to Plaintiff's question of why no medical personnel came to give him the remainder of his insulin, laughed and said that no medical personnel received a call requesting it. The Court of Appeals for the

Eleventh Circuit has stated that "verbal abuse alone is insufficient to state a constitutional claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)). Therefore, the harm Plaintiff alleges regarding Defendant Jackson's statement does not rise to the level of a constitutional violation. Likewise, Plaintiff's allegations regarding verbal altercations between himself and Defendants Jackson and Todd during the evening insulin call at Plaintiff's cell are insufficient to state a constitutional claim. Consequently, all of Plaintiff's allegations relating to verbal altercations between himself and Defendants Jackson and Todd should be **DISMISSED**.

In relation to Defendant Jackson's alleged statement that no medical personnel received a call requesting Plaintiff's insulin, Plaintiff avers that he told Officer Lightsey that he was denied insulin by Defendants Jackson and Todd and that Officer Lightsey told Plaintiff that he called the medical department to inform them. Plaintiff insinuates that Officer Lightsey did not inform the medical department of his needs. To the extent that Plaintiff is attempting to state a claim against Officer Lightsey, Plaintiff has not named Officer Lightsey as a defendant.

Finally, Plaintiff alleges that he attempted to grieve the denial of his insulin and that his informal grievance was improperly rejected by the Deputy Warden of Care and Treatment, John Paul. Plaintiff has not named John Paul as a defendant.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment imposes a constitutional duty upon prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825,

AO 72A
(Rev. 8/82)

832 (1994) (citation omitted). "[D]eliberate indifference to serious medical needs of prisoners" results in a violation of that duty. Id. at 835 (citation omitted).

The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). To state a claim for retaliation the inmate must establish that: "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Id. (citation omitted).

Plaintiff's allegations, when read in a light most favorable to Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Todd and Jackson for deliberate indifference and retaliation. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he or she must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

Plaintiff's allegations, when read in a light most favorable to Plaintiff, also arguably state a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Officer Lightsey for deliberate indifference. Plaintiff is instructed to notify the Court as to whether he wishes to add Officer Lightsey as a Defendant within thirty (30) days of the date of this Order. If Plaintiff chooses to add Officer Lightsey as a Defendant, Plaintiff is also instructed to more clearly state his allegations against Officer Lightsey. Failure to comply will result in the dismissal of this claim.

Plaintiff's allegations, when read in a light most favorable to Plaintiff, also arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against unidentified individuals for excessive force and deliberate indifference. Plaintiff is instructed to amend his Complaint to provide the names of the individuals whom he alleges (1) used physical force against him when taking him to segregation, (2) failed to administer his insulin following the alleged denial of insulin by Defendants Jackson and Todd, and (3) denied him insulin when he was in the prison hospital. Plaintiff should provide the names of the individuals whom he alleges are at fault within thirty (30) days of the date of this Order; failure to comply will result in the dismissal of these claims.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The

Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's local rules. Local Rule 26.1(d)(i).

In the event Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number[.]" FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

AO 72A
(Rev. 8/82)

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq*. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(i).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories shall not be filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own

AO 72A
(Rev. 8/82)

8

records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED and REPORTED AND RECOMMENDED**, this 8th day of May, 2012.

JAMES E. GRAHAM
UNITED STATE MAGISTRATE JUDGE