FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 JUL 10 PM 3: 40

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN KELLAT,

        Plaintiff,

v.

SANDY JACKSON; MICHAELA TODD; and Ms. HAYES,

        Defendants.

CIVIL ACTION NO.: CV612-031

## ORDER

Plaintiff John Kellat ("Plaintiff") filed an Objection to the Magistrate Judge's Report dated May 8, 2012, which recommended that some of the claims in his Complaint, brought pursuant to 42 U.S.C. § 1983, be dismissed. Plaintiff also responded to the Magistrate Judge's Order dated May 8, 2012, which instructed Plaintiff to amend his Complaint to provide the names of the individuals against whom certain allegations were made.

The Magistrate Judge recommended dismissal of Plaintiff's allegation that while he was in the prison hospital, following an altercation with another inmate, Defendant Jackson, in response to Plaintiff's question of why no medical personnel came to give him the remainder of his insulin, laughed and said that no medical personnel received a

AO 72A
(Rev. 8/82)

call requesting it. The Magistrate Judge construed this allegation as a claim of verbal abuse, which is insufficient to state a constitutional claim. In his Objection, Plaintiff clarified his allegation stating that his "intentions was to insinuate that Defendant Jackson did not inform the medical department his needs."[1] (Doc. No. 14, p. 1). Plaintiff's Complaint has already been served upon Defendant Jackson for deliberate indifference. This allegation falls under that claim; Plaintiff may pursue this allegation. Plaintiff's Objection is **sustained**. Plaintiff is cautioned to, in the future, no longer "insinuate" and, instead, state exactly what he means.

The Magistrate Judge determined that certain of Plaintiff's allegations arguably stated claims against unidentified individuals for excessive force and deliberate indifference. The Magistrate Judge instructed Plaintiff to amend his Complaint to provide the names of the individuals whom he alleges (1) used physical force against him when taking him to segregation, (2) failed to administer his insulin following the alleged denial of insulin by Defendants Jackson and Todd, and (3) denied him insulin when he was in the prison hospital. (Doc. No. 9, p. 6). Plaintiff has complied, in part, with the Magistrate Judge's Order. Plaintiff has also brought new allegations.

Plaintiff alleges that Defendant Jackson and correctional officers Ms. Hayes and John and/or Jane Doe used physical force against Plaintiff when taking him to segregation. Ms. Hayes and John and/or Jane Doe are not defendants in this action. However, Plaintiff's allegation, when read in a light most favorable to Plaintiff, arguably

---

[1] The Magistrate Judge thought that Plaintiff had tried to insinuate that Officer Lightsey, who is not named as a defendant, did not inform the medical department of his needs. (Doc. No. 9, p. 4). Based on this misunderstanding, the Magistrate Judge stated that Plaintiff's allegation arguably stated a claim against Officer Lightsey for deliberate indifference. (Doc. No. 9, p. 5). Now that Plaintiff has clarified his allegations, he has no longer arguably stated a claim against Officer Lightsey. No action needs to be taken regarding Officer Lightsey because he was never named as a defendant.

2

states a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendant Jackson and Ms. Hayes for the use of excessive force, and the Court will allow Plaintiff to add Ms. Hayes as a Defendant. The Clerk is directed to add Ms. Hayes as a Defendant upon the record and docket of this case.

Plaintiff alleges that Defendant Todd failed to administer his insulin following the alleged denial of insulin by Defendants Jackson and Todd. Plaintiff's Complaint has already been served upon Defendant Todd for deliberate indifference. This allegation falls under that claim; Plaintiff may pursue this allegation.

Plaintiff alleges that Defendant Jackson retaliated against him by writing a Disciplinary Report against him, by placing him in segregation, and by using force against him. Plaintiff's Complaint has already been served upon Defendant Jackson for retaliation. These allegations fall under that claim; Plaintiff may pursue these allegations.

Plaintiff alleges that Defendant Jackson ignored a call to the prison's hospital floor while he was the medical officer in charge, thus denying Plaintiff needed insulin. Plaintiff's Complaint has already been served upon Defendant Jackson for deliberate indifference. This allegation falls under that claim; Plaintiff may pursue this allegation.

Plaintiff alleges that "Defendant Jackson (LAUGHED) at Plaintiff after ignoring call from E-4 dormitory officer while plaintiff was at hospital floor and asked why no medical came to give insulin, Defendant Jackson then stated 'we never received a call from E-4.'" (Doc. No. 14, p. 3). To the extent that Plaintiff intends for this allegation to mean that "Defendant Jackson did not inform the medical department his needs," (Doc. No. 14, p. 1), the Court has already decided that Plaintiff may pursue that allegation.

3

(See p. 1, supra). To the extent that Plaintiff is trying to claim verbal abuse, his allegation is insufficient to state a constitutional claim and is **dismissed**. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)).

Plaintiff alleges that John and/or Jane Doe, along with Jackson and Ms. Hayes, used physical force against Plaintiff when taking him to segregation. Plaintiff also alleges that Nurse John or Jane Doe denied Plaintiff insulin when he was in the prison hospital. John and/or Jane Doe and Nurse John or Jane Doe are not defendants in this action, and the Court will not allow Plaintiff to add unidentified people as defendants.

Plaintiff alleges that "Defendant Paul" improperly dealt with an emergency informal grievance filed by Plaintiff. As the Magistrate Judge noted in his Report, Plaintiff has not named Paul as a defendant. Plaintiff will not be allowed to name Paul as a defendant because Plaintiff's allegation against Paul is unrelated to his claims against Defendants Jackson, Todd, and Ms. Hayes. See FED. R. CIV. P. 20(a).

A copy of Plaintiff's Complaint as amended (Doc. Nos. 1 and 14) and a copy of this Order shall be served upon Defendants Jackson, Todd, and Hayes by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he or she must file either a dispositive motion or an answer to the Complaint within thirty (30) days of the filing of said Waiver of Reply.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and

4

request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's local rules. Local Rule 26.1(d)(i).

In the event Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

5

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel.  FED. R. CIV. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number[.]"  FED. R. CIV. P. 10(a).  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action.  Local Rule 11.1.  Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery.  See generally FED. R. CIV. P. 26, et seq.  Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer.  Local Rule 26.1(d)(i).

Interrogatories are a practical method of discovery for incarcerated persons.  See FED. R. CIV. P. 33.  Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be

directed to persons or organizations who are not <u>named</u> as Defendants. Interrogatories <u>shall not be filed with the court</u>. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a

AO 72A
(Rev. 8/82)

Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true

AO 72A
(Rev. 8/82)

and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this 16th day of July, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)