FILED
COURT
2012 NOV 13 PM 4:21
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN KELLAT,

    Plaintiff,

v.

                               CIVIL ACTION NO.: CV612-031

SANDY JACKSON; MICHAELA
TODD; and GAIL HAYES,

    Defendants.

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff John Kellat ("Plaintiff"), an inmate currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed an action under 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Defendants filed a Motion to Dismiss. Plaintiff filed a Response. For the following reasons, Defendants' Motion to Dismiss should be **GRANTED**, and Plaintiff's Complaint should be **DISMISSED**.

## STATEMENT OF THE CASE

Plaintiff's Complaint was served upon Defendants Todd and Jackson for potential deliberate indifference and retaliation. (Doc. No. 8). Plaintiff's Complaint was served upon Defendants Jackson and Hayes for potential use of excessive force. (Doc. No. 15).

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner proceeding in a civil action pursuant to § 1983 must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915 and 1915A. Under the PLRA:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

Defendants assert that Plaintiff has brought at least three civil actions which were dismissed and count as strikes under § 1915(g). The following actions count as strikes against Plaintiff: (1) Kellat v. Douglas Cnty., et al., CV110-2250 (N.D. Ga. Sept. 24, 2010) (dismissed for failure to state a claim upon which relief may be granted); (2) Kellat v. Owens, CV111-525 (N.D. Ga. Mar. 30, 2011) (dismissed for failure to state a claim upon which relief may be granted); and (3) Kellat v. Douglas Cnty., et al., No. 10-15713-D (11th Cir. Apr. 7, 2011) (dismissed as frivolous). In his Response to Defendants'

2

Motion to Dismiss, Plaintiff argues that Kellat v. Owens, CV111-525, should not count as a strike because he has filed a post-judgment motion to supplement his complaint pursuant to Federal Rule of Civil Procedure 15(d). Even if the Northern District of Georgia accepts Plaintiff's supplemental complaint and reopens CV111-525, that case still counts as a strike as to this action. At the time Plaintiff filed the instant Complaint, and currently, CV111-525 was dismissed for failure to state a claim upon which relief may be granted. Although the Court of Appeals for the Eleventh Circuit has not decided a case that is directly on point,[1] "[t]he only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." Smith v. Terry, 2012 WL 4465609 *2 (11th Cir. 2012) (citing Harris v. Garner, 216 F.3d 970, 981 (11th Cir. 2000) (applying the same rule to the PLRA personal injury requirement)). The Court sees no reason to create a different rule with regard to the PLRA's three-strike provision.

Because Plaintiff has filed three previously dismissed cases which qualify as strikes under § 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he falls within the "imminent danger of serious physical injury" exception. Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint on April 9, 2012, or at any other time. Defendants' remaining grounds for dismissal do not need to be addressed.

## CONCLUSION

The Court **VACATES** its April 11, 2012, Order granting Plaintiff leave to proceed in forma pauperis. Plaintiff's Motion to Proceed in forma pauperis is **DENIED**. Based

---

[1] It is worth noting that the Court has not found any federal case that is directly on point.

3

on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**. If Plaintiff wishes to proceed with the allegations stated in this action, he should be required to resubmit his complaint along with the full filing fee. Plaintiff's pending Motion to Amend his Complaint is **DISMISSED** as moot.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 13th day of November, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE