IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office

Feb. 5   20 13

P. Moore
Deputy Clerk

JOHN KELLAT,

    Plaintiff,

v.

SANDY JACKSON; MICHAELA TODD; and GAIL HAYES,

    Defendants.

CIVIL ACTION NO.: CV612-031

## ORDER

Plaintiff filed Objections to the Magistrate Judge's Report dated November 13, 2012, which recommended that Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, be dismissed. After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objections, Plaintiff avers that his previous lawsuit, Kellat v. Owens, CV111-525[1] (N.D. Ga. Mar. 30, 2011) (dismissed for failure to state a claim upon which relief may be granted), should not count as a strike against him under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Plaintiff argues that Kellat v. Owens, CV111-525, should not count as a strike because he has filed a post-judgment motion to supplement his complaint pursuant to Federal Rule of Civil Procedure 15(d).

---

[1] Plaintiff continually refers to Kellat v. Owens, CV611-525, in his Objections. However, no such case exists, and Kellat v. Owens, CV111-525, matches a description of the case to which Plaintiff refers.

Plaintiff made the same argument in his Response to Defendants' Motion to Dismiss. The Magistrate Judge properly addressed that argument stating:

> Even if the Northern District of Georgia accepts Plaintiff's supplemental complaint and reopens CV111-525, that case still counts as a strike as to this action. At the time Plaintiff filed the instant Complaint, and currently, CV111-525 was dismissed for failure to state a claim upon which relief may be granted. Although the Court of Appeals for the Eleventh Circuit has not decided a case that is directly on point,[2] "[t]he only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." Smith v. Terry, 2012 WL 4465609 *2 (11th Cir. 2012) (citing Harris v. Garner, 216 F.3d 970, 981 (11th Cir. 2000) (applying the same rule to the PLRA personal injury requirement)). The Court sees no reason to create a different rule with regard to the PLRA's three-strike provision.

(Doc. No. 36, p. 3). Plaintiff argues, in his Objections, that the Magistrate Judge's reasoning is insufficient because there is no federal case that is directly on point and because the Magistrate Judge's "interpretation of the law can not be accorded." (Doc. No. 41-1, p. 6). The Court disagrees. The Magistrate Judge's reasoning, interpreting the three strikes provision of the PLRA consistently with the interpretations of two other PLRA provisions, is sound.

Plaintiff also argues, in his Objections, that Kellat v. Owens, CV111-525, should not count as a strike because the District Court for the Northern District of Georgia improperly dismissed that case, improperly denied Plaintiff leave to amend that complaint, and "abused its discretion in directing plaintiff to amend his complaint . . . and denying leave to amend to correct deficiencies, incurring cost, delay, and waste of seperate [sic] actions." (Doc. No. 41, p. 1). This Court does not act as an appellate court for decisions rendered by the District Court for the Northern District of Georgia.

---

[2] It is worth noting that the Court has not found any federal case that is directly on point.

2

As a result, this Court cannot determine the propriety of any decision rendered by the District Court for the Northern District of Georgia.

Finally, in his Objections, Plaintiff asks this Court to certify a question to the Court of Appeals for the Eleventh Circuit. Plaintiff's proposed question is whether a dismissal for failure to state a claim continues to count as a strike if the plaintiff files a post-judgment motion to supplement his complaint pursuant to Federal Rule of Civil Procedure 15(d). There is no need to certify Plaintiff's question. If Plaintiff wishes to appeal this Court's decision, he may properly do so.

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. The Clerk is directed to enter the appropriate Judgment of dismissal.

**SO ORDERED**, this  5  day of  Feb. , 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA