FILED
U.S. DISTRICT COURT
STATESBORO DIV.

2013 JUL -2 P 4:

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN KELLAT,

    Plaintiff,

v.

CIVIL ACTION NO.: CV612-031

SANDY JACKSON; MICHAELA
TODD; and GAIL HAYES,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Defendants filed a Motion to Dismiss. Plaintiff failed to file a Response, despite being granted his requested extension of time to do so. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants Sandy Jackson and Michaela Todd denied him his prescribed diabetes medication on August 5, 2010, as retaliation for an incident which allegedly occurred the prior day. Plaintiff also asserts that Defendant Todd did not administer Plaintiff's finger stick blood test. Plaintiff further asserts that Defendant Jackson placed Plaintiff in segregation because of the incident which occurred the day prior to being denied his prescribed medication. Plaintiff also asserts that Defendant

Gail Hayes used excessive force against him, as detailed in the supplement to his Complaint.

Defendants contend that Plaintiff failed to exhaust his administrative remedies prior to filing this cause of action. Defendants allege that Plaintiff's Complaint should be dismissed as a sanction for his dishonesty and abuse of the judicial process. Defendants also allege that Plaintiff fails to state a claim upon which relief may be granted and that he is not entitled to monetary damages. Defendants also allege that they are entitled to qualified immunity.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants aver that Plaintiff failed to file a grievance concerning his allegations against Defendants Jackson and Hayes. Defendants contend that Plaintiff did file an informal grievance regarding his contention that Defendant Todd denied him his morning medication, but this grievance was rejected. Defendants also contend that

2

72A
8/82)

Plaintiff did not re-file this grievance after the rejection, nor did he file an appeal of the rejection.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the

court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Standard Operating Procedure ("SOP") IIB05-0001 sets forth the three (3) steps an inmate must complete under the Georgia Department of Corrections' grievance procedure. First, an inmate must file an informal grievance "no later than 10 calendar days from the date" the inmate was aware "of the facts giving rise to the grievance." (Doc. No. 51-2, p. 13).[1] An inmate is limited to filing one (1) informal grievance per calendar week. (Id. at p. 12). An inmate is to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. (Id. at p. 14). If the inmate is dissatisfied with the resolution of his informal grievance, he is to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. (Id.). Once an inmate receives the Warden's response to his formal grievance and is dissatisfied with that response, he has five (5) business days to file an appeal with the Commissioner. (Id. at p. 16). The Commissioner's Office has 90 calendar days after receipt of the appeal to respond. (Id. at p. 17).

An inmate can file an emergency grievance, which is "immediately referred to the Grievance Coordinator" for a determination if this grievance "fits the definition of an

---

[1] This SOP was amended with an effective date of December 10, 2012, and inmates are no longer required to file an informal grievance. (SOP IIB05-0001, p. 4) (Dec. 2012). The previous version of this SOP is relevant for this Court's purposes.

4

[e]mergency [g]rievance." (Id.).[2] If the grievance is not deemed to be an emergency grievance, it will be returned to the inmate to file as an informal grievance. In addition, the inmate may grieve the determination that his grievance is not an emergency by filing a grievance, which will be handled through the "normal" three-step process. (Id. at p. 18).

The events giving rise to Plaintiff's Complaint allegedly occurred on August 5, 2010. Plaintiff filed Informal Grievance Number 59415 on this same date, and he stated that Defendant Todd did not give him the proper dosages of his diabetes medication. This informal grievance was rejected because Plaintiff had filed another informal grievance that week. (Doc. No. 51-2, p. 25). There is nothing before the Court which reveals that Plaintiff re-filed this informal grievance the following week or that he filed an appeal of this rejection. (Id. at p. 23). In addition, there is nothing before the Court which indicates that Plaintiff filed an informal grievance against Defendant Jackson or Defendant Hayes within ten (10) days of the events alleged in his Complaint. Plaintiff did not fulfill the requirements of grievance process, as outlined in the Standard Operating Procedure. Plaintiff did not exhaust his administrative remedies prior to the filing of his Complaint.

It is unnecessary to address the remaining grounds of Defendants' Motion.

---

[2] An emergency grievance is defined as an "unexpected situation involving the health, safety or welfare of an inmate that requires prompt action." (Doc. No. 51-2, p. 9).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to his failure to exhaust his administrative remedies prior to filing this cause of action.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of July, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE